[968 NYS2d 907]

In the Matter of Peter W. Shafran (Admitted as Peter William Shafran), an Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, July 31, 2013

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

In 2011, the Connecticut Office of Disciplinary Counsel filed a "Presentment of Attorney" (hereinafter the presentment) with the Connecticut Superior Court, Judicial District of Stamford/Norwalk. The presentment indicated that the Grievance Panel for the Judicial District of Stamford/Norwalk had determined that there was probable cause to believe that the respondent had violated rule 1.15 (a) of the Connecticut Rules of Professional Conduct by, inter alia, causing an overdraft in his attorney trust account. In addition, the presentment noted that the respondent had an extensive prior disciplinary history.

The respondent opted to resign from the Connecticut state bar rather than litigate the disciplinary proceeding brought against him. In submitting his resignation, the respondent waived the privilege of applying for readmission to the bar for 10 years. By order dated November 15, 2011, the Superior Court, Judicial District of Stamford/Norwalk, accepted the resignation and waiver, effective December 16, 2011.

Although the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice pursuant to 22 NYCRR 691.3, he has failed to assert any defenses or demand a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Under the circumstances presented, the application to impose reciprocal discipline is granted, and, effective immediately, the respondent is disbarred in New York and his name is stricken from the roll of attorneys and counselors-at-law in this state.

MASTRO, J.P., RIVERA, DILLON, ANGIOLILLO and BALKIN, JJ., concur.

Ordered that the petitioner's application, in effect, to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Peter W. Shafran, admitted as Peter William Shafran, is disbarred in New York, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Peter W. Shafran, admitted as Peter William Shafran, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Peter W. Shafran, admitted as Peter

William Shafran, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Peter W. Shafran, admitted as Peter William Shafran, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).